UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER DRAKE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-124-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON APPLICATIONS FOR ATTORNEY FEES

The plaintiff in this Social Security appeal has moved for an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $2,370.00, Plaintiff's Motion for Award of § 406(b) Fees ("Section 406(b) Motion") (Docket No. 12), and for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $913.90,[1] EAJA Application for Fees and Expenses ("EAJA Motion") (Docket No. 13) & Exh. C. I recommend that both motions for award of attorney fees be granted.

### I. Motion under the EAJA

The defendant does not object to the amount sought in the plaintiff's EAJA motion. Response to Plaintiff's EAJA Application for Fees and Expenses ("EAJA Response") (Docket No. 15) at 1. However, the defendant objects to the plaintiff's request that these fees be paid "directly to his attorney," EAJA Motion at 3, contending that such awards are payable only to the prevailing party, not to his or her attorney. EAJA Response at 1. In the sole case cited by the defendant in support of his position, *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the Supreme

---

[1] This amount represents 5.2 hours multiplied by $175.75 per hour.

1

Court addressed the question of whether an award of attorney fees under the EAJA in a Social Security case could be offset by the federal government against a debt owed by the claimant to the government. *Id*. at 2524. The claimant took the position that the EAJA required that the attorney fees recovered be paid directly to the attorney. *Id*. at 2526. The Supreme Court disagreed, holding that the offset in that case had been correct because the attorney fee award was payable to the claimant. *Id*. at 2529.

The opinion in *Ratliff* does not *require* that an attorney fee award against which the government is not charging an offset be paid only to the claimant and never to his or her attorney. In this case, the attorney for the claimant has acknowledged his obligation to "refund" to the plaintiff the $913.90 attorney fee award under the EAJA award, should his motion under 42 U.S.C. § 406(b) result in an award of attorney fees in excess of that amount. Response to the Defendant Commissioner's Objection ("Plaintiff's Reply") (Docket No. 17). The attorney is an officer of the court, and his representation accordingly should be credited.

Still, courts have stated in the past that "[a]ttorneys fees awarded under [the] EAJA are assessed against the federal government, and it is the prevailing party himself, not his attorney, who is entitled to recover fees pursuant to EAJA." *O'Grady v. Secretary of U. S. Dep't of Health & Human Servs.*, 661 F.Supp. 1030, 1037 (E.D.N.Y. 1987) (and cases cited therein). Given the existence of this precedent, which I find persuasive, and the lack of any suggestion by the plaintiff of a reason why the court should diverge from this general practice in this case, I conclude that the court should not grant the plaintiff's request that this award be paid to his attorney.

## II. Motion Under Section 406(b)

With respect to the plaintiff's section 406(b) motion, the defendant objects to the number of hours for which fees are sought. Defendant's Response to Plaintiff's Motion for Award of Section 406(b) Attorney Fees ("Section 406(b) Response") (Docket No. 16) at [1]. Specifically, he contends that 1.95 of the total 4.5 hours for which a fee award is sought were spent on actions "taken after Plaintiff was awarded benefits and after a portion of his past due benefits had been withheld for potential payment of attorney's fees." *Id*. at 2. Thus, he argues, this time was not spent in obtaining Social Security benefits for the plaintiff, and it is only such time for which fees may be recovered. *Id*.

The statute authorizing the recovery of these fees provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the part-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). The statute does not specify, as the defendant would have it, that only time spent by the attorney in *obtaining* benefits is recoverable. Nor does it say, as the plaintiff prefers, that attorney fees are recoverable for any time spent that results in a *benefit* to the claimant.

Neither party cites any authority for his position.[2] Under these circumstances, I conclude that the fees incurred in preparing an application for an award of attorney fees, so long as the time spent is reasonable under the circumstances, may be recovered under section 406(b).[3]

---

[2] The plaintiff asserts that "there is case law to the effect that an attorney's failure to apply for EAJA fees can be held against him on the 406(b) fees because he has failed to protect the client's interests by not obtaining the EAJA fee and the corresponding offset." Plaintiff's Reply. Unfortunately, he fails to cite any of that case law.

[3] The commissioner has filed a document entitled "Defendant's Sur-reply Regarding Plaintiff's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b)." Docket No. 18. The plaintiff has filed a motion to strike that document.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to strike the commissioner's sur-reply is **GRANTED**, and I recommend that both of the plaintiff's motions for award of attorney fees be **GRANTED**, but that his request that the fees awarded on his motion under the EAJA (Docket No. 13) be paid to his attorney be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

Docket No. 21. In this district, sur-replies may not be filed without leave of court, *Villeneuve v. State of Connecticut*, Civil No. 09-13-P-S, 2009 WL 2022009, at *5 n.4 (D. Me. July 13, 2009) & cases cited therein, which the defendant did not seek in this instance. The plaintiff's motion to strike the sur-reply is accordingly granted.